Gayle M. Athanacio (State Bar No. 130068)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
E-mail: gathanacio@sonnenschein.com

Marc J. Zwillinger (*pro hac vice* admission pending)
SONNENSCHEIN NATH & ROSENTHAL LLP
1301 K Street, NW
Washington, DC 20005
Telephone: (202) 408-6400
Facsimile: (202) 408-6399
E-mail: mzwillinger@sonnenschein.com

Attorneys for Plaintiff
XTEND Communications Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| XTEND COMMUNICATIONS CORP,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TIMOTHY HOOKER,<br><br>　　　　Defendant. | Case No. 07 5599 JL<br><br>***EX PARTE* APPLICATION TO HEAR MOTION FOR EXPEDITED THIRD PARTY DISCOVERY ON SHORTENED TIME**<br><br>Hearing Date: TBD<br>Hearing Time: TBD<br>Courtroom: F, 15th Floor<br>Honorable Chief Magistrate Judge James Larson |

Pursuant to Northern District Civil Local Rule 7-10 and Federal Rules of Civil Procedure 26 and 45, Plaintiff XTEND Communications Corp. ("XTEND") hereby applies for an order shortening time to hear its Motion For Expedited Discovery ("Motion"), filed concurrently herewith. As demonstrated in this Application, as well as the Declaration of Marc Zwillinger In Support Of XTEND's *Ex Parte* Application To Hear Motion For Expedited Third Party Discovery On Shortened Time And XTEND's Motion For Expedited Third Party Discovery

("Zwillinger Decl."), hearing XTEND's Motion on shortened time is necessary because the essential electronic evidence sought by XTEND may be destroyed on or after November 21, 2007.

In particular, XTEND's Motion seeks expedited third party discovery from AT&T, Google and AOL, Internet-service providers XTEND believes Defendant Timothy Hooker ("Defendant") used to make fraudulent statements regarding XTEND. Such statements form the basis for XTEND's Complaint against Defendant.

Pursuant to General Standing Order for this Court, XTEND attempted to meet and confer with Defendant Timothy Hooker ("Defendant") regarding the subject of this Application and the accompanying Motion on several occasions, including by sending an e-mail to Defendant and by leaving a voicemail message at the only known telephone number for Defendant, but XTEND received no response from Defendant on the issue. (Zwillinger Decl., ¶¶ 8, 9, Ex. A.)

## I. STATEMENT OF FACTS

XTEND filed a Complaint against Defendant on November 2, 2007. (*See generally,* Complaint.) The causes of action asserted by XTEND are based on fraudulent statements made by Defendant in e-mail messages that he sent from a Google Gmail account and two America Online ("AOL") accounts. (Id., ¶ 1.) XTEND's analysis of the data contained in the e-mail message headers has revealed that the Defendant accessed these accounts from an Internet connection that was provided by AT&T, through SBC Internet Services. (Id., ¶ 14.) Because Defendant used services provided by AOL, AT&T, and Google (the "Service Providers") to transmit his fraudulent and misleading messages, all three of these companies possess business records in the form of customer and transactional data that will be essential to XTEND's ability to succeed on the merits of its claims. None of the Service Providers are parties to the suit, and they are currently under no obligation to preserve relevant evidence. Providers of Internet-related services have varying records retention policies, generally ranging from 30 - 90 days, and XTEND has a legitimate concern that the business records described above will be destroyed if this Application and the accompanying Motion are not granted. (Zwillinger Decl, ¶ 6.)

-2-
XTEND'S *EX PARTE* APPLICATION TO HEAR MOTION FOR EXPEDITED THIRD PARTY DISCOVERY ON SHORTENED TIME

XTEND has sent a preservation request to each of the Service Providers upon filing its Complaint, but only one provider (AOL) has acknowledged preserving the records related to this matter, and even then only for 90 days. (Id. at ¶¶ 4, 5.) Accordingly, there is a significant risk that records related to the scope of Defendant's Internet activities described in the complaint will not be available if XTEND is required to wait 35 days from today's date to be heard by this Court.

## II. GOOD CAUSE EXISTS TO GRANT XTEND'S APPLICATION.

*Ex parte* applications may be granted to hear motions to conduct expedited third party discovery, prior to the meeting of counsel between parties as prescribed by Federal Rule of Civil Procedure 26(f). *Capital Records, Inc. v. Doe,* 2007 WL 2429830 (S.D. Cal. Aug. 24, 2007). Here, good cause exists to hear XTEND's Motion on shortened time. The documents which form the very basis for XTEND's causes of action against Defendant are in the possession, custody and control of third parties AT&T, Google and AOL. (*See* Zwillinger Decl., ¶ 2.) Each of these third parties are providers of Internet-related services, and such third parties have record retention policies as short as 30 days. (Id. at ¶ 3.) If XTEND's Motion were heard on a regular schedule, its Motion would not be heard from at least 35 days from today's date. Such a delay would cause XTEND irreparable prejudice, as it would be without the documents that underlie its causes of action against Defendant.

## III. CONCLUSION

For the foregoing reasons, XTEND respectfully requests that this Court grant its *Ex Parte* Application to hear its Motion For Expedited Third Party Discovery on shortened time.

Dated: November 13, 2007    SONNENSCHEIN NATH & ROSENTHAL LLP

By   /S/ GAYLE ATHANACIO
Gayle M. Athanacio

Attorneys for Plaintiff
XTEND Communications Corp.

XTEND'S *EX PARTE* APPLICATION TO HEAR MOTION FOR EXPEDITED THIRD PARTY DISCOVERY ON SHORTENED TIME