# EXHIBIT B

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | Texas |

XTEND Communications Corp.

V.

Timothy Hooker

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C 07 5599 (JL), N.D. Cal.

TO: AT&T Corporation, Legal Dept. - Subpoena Compliance
208 South Akard, 10th Floor
Dallas, TX 75202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 11/13/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Gayle Athanacio, Sonnenschein Nath & Rosenthal, 525 Market St., 26th Flr, San Francisco, CA 94105  (415) 882-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.  "AT&T" means AT&T Corporation, and all predecessors (merged, acquired or otherwise), successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2.  "DOCUMENT(S)" shall mean, without limitation, ALL written, typed, OR otherwise preserved COMMUNICATIONS including, without limitation, ANY letter, correspondence, computer print-out, e-mail print-out, note, book, pamphlet, article, bulletin, directive, review, publication, memorandum, diary, log, test, analysis, study, chart, table, projection, check, invoice, receipt, bill, purchase order, shipping order, contract, lease, agreement, work paper, calendar, envelope, paper, telephone message, tape, computer tape, computer disc, computer card, recording, videotape, film, microfilm, microfiche, drawing, account, ledger, statement, financial data, AND ALL other writings OR COMMUNICATIONS no matter how produced OR maintained in YOUR actual OR constructive possession, custody, OR control OR of which YOU have knowledge of the existence, whether prepared, published, OR released by YOU OR by ANY other PERSON OR entity. Without limitation on the foregoing, the term DOCUMENT shall include ANY copy OR draft that differs in ANY respect from the original OR other versions of the DOCUMENT, including, without limitation, copies containing notations, insertions, corrections, marginal notes, emendations, OR ANY other variations.

3.  "RELATING TO" shall have AND include not only its commonly understood meaning, but the following meanings as well, where applicable: concerning, comprising, reflecting, evidencing, constituting, pertaining to, dealing with, AND showing.

4.  "ALL" includes the word "ANY," and vice versa.

5. "AND" includes the word "OR," and vice versa.

6. "PERSON(S)" includes, without limitation, ANY natural person, corporation, partnership, limited partnership, association, group, organization, federal, state, OR local government OR government agency, office, bureau, department, OR entity, AND includes the present AND former directors, officers, executives, partners, brokers, AND ALL other PERSONS acting OR purporting to act on behalf of them, AND ANY of their present OR former parent corporations, subsidiaries, affiliates, divisions, predecessors, AND successors in interest.

7. "COMMUNICATION(S)" shall mean ANY oral, written, OR electronic transmission of information (in the form of facts, ideas, inquiries or otherwise) by means including, without limitation, meetings, discussions, face-to-face conversations, telephone calls, electronic mail, Internet, facsimile, voicemail, audio cassettes, video cassettes, computer discs, memoranda, letters, telecopies, telexes, conferences, seminars, messages, OR notes.

8. DESIRE TO MITIGATE BURDEN. Plaintiff is prepared immediately to discuss reasonable means of limiting the scope of any required search for responsive documents and any other reasonable modifications of this request in a desire to minimize the cost, expense, and time required to comply with this request.

9. METHOD OF PRODUCTION. For each document, file, or larger grouping of files, please identify the person or department in whose possession the particular documents or files were kept in the ordinary course of business at the time that the documents were either prepared, generated, received, reviewed or utilized in the ordinary course of business.

10. PRIVILEGE. For any responsive document or portion of a responsive document that is withheld on a claim of privilege, work-product protection, or other discovery immunity, such document should be identified on a privilege log which states, as to each such document: the name, affiliation, and job title of its author(s); the name, affiliation, and job title of its

recipient(s); the name, affiliation, and job title of any copyholder(s); the date of the document; the basis for the claim of privilege, protection or immunity; the general subject matter of the document; and the request to which the document is responsive.

11. RESPONSIVE DOCUMENTS. If any portion of a document is responsive to any request, then the entire document must be produced. If the document contains privileged material or attorney-work product that you claim is protected from disclosure, the entire document must be produced with only the privileged, protected or immune portions redacted.

12. DESTRUCTION. If any document or other thing that you have any knowledge of is responsive to a request but has been destroyed, please identify and describe with particularity the document or thing destroyed, where it was destroyed, by whom it was destroyed, what the contents were prior to its destruction, and why it was destroyed.

13. DUTY TO SUPPLEMENT. These requests shall be deemed to be continuing in nature and you shall duly supplement your responses as additional responsive documents become available.

## DOCUMENTS REQUESTED

1. ALL DOCUMENTS RELATING TO the e-mail account timothyhooker@att.net and any other AT&T accounts used by or registered to the PERSON or PERSONS associated with the e-mail account timothyhooker@att.net, including but not limited to, ANY legal or screen names RELATED TO the account(s), alternate e-mail addresses, physical addresses, contact lists, status of accounts, billing records, dates any account was opened AND closed, methods of payment, log on and log off times for any PERSON or PERSONS using or registered to use the e-mail account timothyhooker@att.net.

2. ALL DOCUMENTS RELATING TO the assignment and use of the Internet Protocol ("IP") address 68.126.206.17 on October 21, 2007, at or around 2:16 p.m. Eastern Daylight Time, 2:24 p.m. Eastern Daylight Time AND 2:27 p.m. Eastern Daylight Time, including but not limited to, ANY legal or screen name, e-mail address, user id, physical address(es), contact lists, status of accounts, billing records, dates accounts were opened AND closed, method(s) of payment, method(s) of connection, AND log on and log off times, of any PERSON or PERSONS using such Internet Protocol address during such times.

3. ALL DOCUMENTS RELATING TO the assignment and use of the IP address 68.126.203.96 on October 30, 2007, at or around 1:22 p.m. Eastern Daylight Time, AND 4:28 Eastern Daylight Time, including but not limited to, ANY legal or screen name, e-mail address, user id, physical address(es), contact lists, status of accounts, billing records (including billing address), dates accounts were opened AND closed, method(s) of payment, method(s) of connection AND log on and log off times, of any PERSON or PERSONS using such Internet Protocol address during such times.

4. ALL DOCUMENTS RELATING TO Internet Protocol assignment logs or Internet Protocol log in or log out activity associated with ANY AT&T account(s) described in

Paragraphs 1, 2, OR 3 between October 21, 2007 and October 31, 2007, including, but not limited to connection times, date(s) AND length of ANY connections.

5.     ALL DOCUMENTS RELATING TO the method of connection to computers owned OR operated by AT&T, by the PERSON or PERSONS associated with an account or e-mail address described in Paragraphs 1, 2, OR 3 (above) between October 21, 2007 and October 31, 2007, including any information RELATING TO the origin of that PERSON or PERSONS' connection to AT&T's computers (e.g., originating IP address, phone number, physical location, and/or POP [Point of Presence]).