1  Gayle M. Athanacio (State Bar No. 130068)
   Hillary Noll Kalay (State Bar No. 233173)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
3  San Francisco, CA  94105-2708
   Telephone: (415) 882-5000
4  Facsimile:    (415) 882-0300
   E-mail:      gathanacio@sonnenschein.com
5               hkalay@sonnenschein.com

6  Marc J. Zwillinger (admitted *pro hac vice*)
7  SONNENSCHEIN NATH & ROSENTHAL LLP
   1301 K Street, NW
8  Washington, DC 20005
   Telephone: (202) 408-6400
9  Facsimile: (202) 408-6399
   E-mail:     mzwillinger@sonnenschein.com
10

11 Attorneys for Plaintiff
   XTEND Communications Corp.
12

13

14                UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17 XTEND COMMUNICATIONS CORP,          Case No. 07 5599 JL

18          Plaintiff,                 **XTEND COMMUNICATION CORP.'S
                                        REPLY MEMORANDUM IN SUPPORT**
19     vs.                             **OF MOTION FOR EXPEDITED
                                        THIRD PARTY DISCOVERY**
20 TIMOTHY HOOKER,
                                        Hearing Date: TBD
21          Defendant.                 Hearing Time: 9:30 a.m.
                                       Courtroom: F, 15th Floor
22                                     Honorable Chief Magistrate Judge James
                                       Larson
23

24        XTEND Communication Corp. ("XTEND") submits the following reply memorandum

25 in support of its motion for expedited third party discovery.

26 **I.    INTRODUCTION**

27        On November 15, 2007, Defendant Timothy Hooker ("Hooker") filed his opposition to

28 the commencement of expedited third party discovery by arguing that granting such discovery

-1-

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

would violate his privacy rights and would permit XTEND to acquire "competitive" information about his company. Hooker provides no rational basis for his alleged privacy concerns, which are unfounded in light of the specific nature of the information requested in XTEND's proposed subpoenas to AOL, AT&T and Google. Hooker's opposition to XTEND's motion is also contrary to his subsequent voluntary disclosures that demonstrate his control over all but one of the e-mail accounts described in XTEND's proposed subpoenas and which confirm his participation in sending at least some of the messages described in XTEND's complaint. Despite these admissions by Hooker, XTEND's proposed discovery is vital to ensuring the preservation of information required to determine the full scope of Hooker's activities, including the identities of individuals who received relevant e-mail messages and any other individuals who must (or may) be joined as parties to this action. In light of Hooker's failure to substantiate his claim that expedited third party discovery will be prejudicial, and because the third party companies who possess the relevant data are not legally required to preserve it and have policies that mandate the destruction of such data within a relatively short time frame, the arguments originally offered by XTEND in support of its motion demonstrate that "good cause" exists to grant its motion. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

## II. ARGUMENT

### A. Defendant Has Not Demonstrated That Expedited Third Party Discovery Would Prejudice His Case.

In his opposition brief, Hooker suggests that he will be prejudiced by expedited third party discovery because XTEND may use the proposed subpoenas to violate his privacy regarding "personal matters" unrelated to the subject matter of this action. (Defendant's Response to XTEND Communications Corp.'s Notice Of Motion and For Expedited Third-Party Discovery and Memorandum of Points and Authorities in Support Thereof ("Def.'s Opp."), ¶ 2). Hooker has asserted this alleged prejudice without making any effort to describe how the proposed discovery requests could result in such privacy violations and without attempting to explain how the expedited nature of the requested discovery would increase the likelihood of

-2-

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1   this result. (*See* id.) Hooker has ignored the fact that XTEND's proposed discovery requests are

2   restricted to basic subscriber information and transactional data that would assist in the

3   identification of the sender(s) and recipients of the e-mail messages described in the complaint,

4   and he has implausibly alleged that the proposed subpoenas may be used to "explore

5   competitive details" of his company, despite the fact that no such information is requested in the

6   proposed subpoenas. (Compare id. with Exhibits B, C to the Declaration Of Marc J. Zwillinger

7   In Support Of XTEND's *EX PARTE* Application To Hear Motion For Expedited Third Party

8   Discovery On Shortened Time And XTEND's Motion For Expedited Third Party Discovery

9   ("Zwillinger Decl.") and Exhibit D to the Declaration of Marc J. Zwillinger In Support of Reply

10  Memorandum ("Zwillinger Reply Decl."), filed herewith.[1]) Much like his claim that

11  information regarding his "personal matters" will be exposed by expedited discovery, Hooker's

12  assertion that it may lead to the disclosure of "competitive" information about his company is

13  completely unsupported.

14      Furthermore, Hooker's position regarding the appropriateness of the scope of the

15  proposed discovery is inconsistent. His opposition brief at first suggests that the scope of

16  XTEND's intended discovery is "broad," but in the very next sentence the brief concedes that

17  the proposed requests are "narrowly tailored." (Def.'s Opp., ¶ 2). Hooker has offered no

18  examples of over broad language in the proposed subpoenas, and his inability to articulate a

19  rational basis for his unsubstantiated privacy concerns suggests that none exists, and his claim of

20  prejudice and irreparable harm is therefore unsustainable.

21  **B.   Defendant's Opposition Conflicts with His Subsequent Voluntary**
         **Admissions.**
22

23      Despite Hooker's contention that expedited discovery will violate his vaguely described

24  privacy rights, Hooker has voluntarily demonstrated his ownership of the AOL, AT&T and

---

[1] Exhibits B and C to the Zwillinger Dec. contain proposed subpoenas to AT&T Corporation and Google, Inc. Exhibit D to the Zwillinger Reply Decl. contains a revised proposed subpoena to AOL. The proposed subpoena to AOL, filed as Exhibit D to the Zwillinger Decl., contained a clerical error, and the revised proposed subpoena, filed as Exhibit D to the Zwillinger Reply Decl., amends this subpoena to correct the error. (Zwillinger Reply Decl., ¶ 5, Ex. D.)

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26th FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

**XTEND'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED THIRD PARTY
DISCOVERY (Case No. 07 5599 JL)**

Google accounts that are described in XTEND's proposed subpoenas. Hooker established his control over the "rleadsclub@aol.com" e-mail account in a fax that he sent to counsel for XTEND on November 16, 2007 along with a copy of his opposition brief. (Zwillinger Reply Decl., Ex. A.) In that fax message, Hooker indicated that although he was able to access and take screenshots of one of the AOL accounts, he was still "working on" the password for the "other AOL Screen name." (*See* id.) Hooker has also communicated with counsel for XTEND using the Google and AT&T e-mail accounts described in the proposed subpoenas. (Id., Exs. B, C.) Furthermore, in an e-mail dated November 16, 2007, Hooker freely admitted to having sent out "news releases" related to XTEND, but maintained that his messages contained constitutionally protected speech. (*See* id., Ex. B.) The fact that Hooker has identified himself as the source of the e-mail messages that gave rise to this action contradicts the amorphous "privacy" concerns raised by his opposition.

### C.    XTEND's Showing of Good Cause Has Not Been Undermined By Defendant's Opposition Arguments or Admissions.

XTEND's request for expedited discovery is based on the fact that business records critical to determining the full scope of Hooker's activities are in the possession of third party service providers who are under no legal obligation to preserve the relevant data, and who have varying records retention policies that could result in the destruction of the data in as little as 30 days. (Zwillinger Decl., ¶ 3.) Although XTEND sent preservation requests to all of the third party service providers described in the complaint, only one provider (AOL) has acknowledged preserving the records related to this matter, and if they are not served with a subpoena within approximately 62 days, they may delete those records. (Id., ¶¶ 4, 5.) Although it is possible that the remaining two providers (AT&T and Google) still have the ability to access the relevant business records, each day that passes without the service of process makes it increasingly likely that these records will be destroyed. (*See* id., ¶¶ 3, 6.)

Despite the fact that Hooker has demonstrated his ability to control almost all of the e-mail accounts involved in this matter, he has not disclosed a significant amount of transactional data that would be necessary for XTEND to determine the full scope of his activities. Thus, if

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26ᵗʰ FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

expedited discovery is denied and XTEND is unable to ensure the preservation of the business records described above, a vast amount of discoverable data related to the recipients of relevant e-mails and information that would help XTEND determine whether other individuals assisted Hooker in sending those messages may be lost forever.

## III.     CONCLUSION

Hooker has failed to offer any facts or rational arguments to substantiate his position that granting expedited third party discovery will prejudice his case. Although Hooker's has confirmed some of the information that XTEND had intended to discover via the proposed subpoenas, his disclosures have not provided XTEND with a substantial amount of critical data that is required to understand the full scope of his activities, and which will help in discovering whether additional individuals should or must be joined as parties to this case. By granting XTEND's expedited third party discovery motion, the Court will prevent the irreparable prejudice that would result from the permanent loss of this critical and relevant data. For the foregoing reasons, XTEND respectfully requests that this Court grant it the relief it seeks.

Dated: December 6, 2007          SONNENSCHEIN NATH & ROSENTHAL LLP


By_____/S/ MARC J. ZWILLINGER_____
          Marc J. Zwillinger

*Attorneys for Plaintiff*
*XTEND Communications Corp.*

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

**XTEND'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED THIRD PARTY DISCOVERY (Case No. 07 5599 JL)**