1  Gayle M. Athanacio (State Bar No. 130068)
   Hillary Noll Kalay (State Bar No. 233173)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
3  San Francisco, CA 94105-2708
   Telephone: (415) 882-5000
4  Facsimile: (415) 882-0300
   E-mail:    gathanacio@sonnenschein.com
5             hkalay@sonnenschein.com

6  Marc J. Zwillinger (admitted *pro hac vice*)
   SONNENSCHEIN NATH & ROSENTHAL LLP
7  1301 K Street, NW
   Washington, DC 20005
8  Telephone: (202) 408-6400
   Facsimile: (202) 408-6399
9  E-mail:    mzwillinger@sonnenschein.com

10 Attorneys for Plaintiff
   XTEND Communications Corp.

11

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15 XTEND COMMUNICATIONS CORP,          Case No. 07 5599 JL

16              Plaintiff,              **DECLARATION OF MARC J.
                                        ZWILLINGER IN SUPPORT OF
17 vs.                                  XTEND COMMUNICATIONS CORP.'S
                                        REPLY MEMORANDUM IN SUPPORT
18 TIMOTHY HOOKER,                      OF MOTION FOR EXPEDITED
                                        THIRD PARTY DISCOVERY**
19              Defendant.
                                        Hearing Date: TBD
20                                      Hearing Time: 9:30 a.m.
                                        Courtroom: F, 15th Floor
21                                      Honorable Chief Magistrate Judge James
                                        Larson
22

23

24     I, Marc J. Zwillinger declare as follows:

25     1.     I am an attorney duly licensed to practice law in the Northern District of Illinois

26 and the District of Columbia, and am a partner at the law firm of Sonnenschein, Nath &

27 Rosenthal LLP ("Sonnenschein") and chair of its Internet, Communications and Data Protection

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

practice. Sonnenschein is counsel for XTEND Communications Corp. ("XTEND") in the above-captioned matter. I have been admitted to this court *pro hac vice* for purposes of this litigation. All facts set forth in this declaration are based upon my personal knowledge, and if called upon to testify as to the truth of those facts, I could and would competently do so.

2.      Attached hereto as **Exhibit A** is a true and correct copy of a facsimile dated November 16, 2007 from Timothy Hooker to Gayle Athanacio, counsel for XTEND.

3.      On November 16, 2007, I received an e-mail from Timothy Hooker that was sent from the e-mail account "timothyhooker@att.net," which referred to the matters pending before this court. Attached hereto as **Exhibit B** is a true and correct copy of this e-mail.

4.      On November 20, 2007, I received an e-mail from Timothy Hooker that was sent from the e-mail account "brainlife@gmail.com," which referred to the matters pending before this court. Attached hereto as **Exhibit C** is a true and correct copy of this e-mail.

5.      Attached hereto as **Exhibit D** is a true and correct copy of the subpoena XTEND intends to issue to AOL if the court grants the motion for expedited Third-Party discovery. This subpoena is submitted to correct an error in the mailing address that was printed on the copy of the proposed subpoena that was attached as Exhibit D to my Declaration in Support of XTEND'S *Ex Parte* Application to Hear Motion for Expedited Third Party Discovery on Shortened Time and Motion for Expedited Third Party Discovery that was filed with this court on November 13, 2007.

I declare under penalty of perjury that the foregoing is true and correct. This declaration has been executed this 6th day of December, 2007 in Washington, D.C.


     /S/ MARC J. ZWILLINGER
     Marc J. Zwillinger

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

**ZWILLINGER DECL. ISO XTEND'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXPEDITED THIRD PARTY DISCOVERY (Case No. 07 5599 JL)**

# EXHIBIT A

1325 Howard Ave, 815
Burlingame, CA 94010
650-340-9660

# facsimile transmittal

| | | | |
|---|---|---|---|
| To: | Gayle M. Athanacio | Fax: | 415-882-0300 |
| From: | Timothy Hooker | Date: | 11/16/2007 |
| Re: | AOL Emails & Motion Filed Today | Pages: | 5 including cover |
| Cc: | [Name] | | |

☐ Urgent    X For review    ☐ Please comment    ☐ Please reply    ☐ Please recycle

Here are AOL emails on rireale AOL account that showed up along with Motion filed today with the
Court as a response to your Motions to Expedite. Still working on password for other AOL Screen name.

Thanks for your understanding Ms. Athanacio,

Timothy Hooker



PAGE 2/5 * RCVD AT 11/16/2007 6:18:22 PM [Central Standard Time] * SVR:CHIZKFXRF01/20 * DNIS:4781 * CSID: * DURATION (mm-ss):00-56



Printed page from
AOL account  rleadsclub

This is the sent folder

I am still working on accessing
the other AOL account.

PAGE 3/5 * RCVD AT 11/16/2007 6:16:22 PM [Central Standard Time] * SVR:CHIZKRF01/20 * DNIS:4781 * CSID: * DURATION (mm-ss):00-56



Here is old mail folder
of emails not available or "out of office"

PAGE 4/5 * RCVD AT 11/16/2007 6:18:22 PM [Central Standard Time] * SVR:CHIZKRF01/20 * DNIS:4781 * CSID: * DURATION (mm-ss):00-56



Timothy Warren Hooker
1325 Howard Ave, 815
Burlingame, CA 94010
650-340-9660

Defendant

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Plaintiff | **Case No 07-5599 JL** |
| Vs | |
| Timothy Hooker | In RESPONSE to Xtend Communications Corps NOTICE OF MOTION AND MOTION FOR EXPEDITED THIRD-PARTY DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| Defendant | |
| | Hearing Date: TBD Hearing time: Courtroom F, 15th Floor Honorable Chief Magistrate Judge James Larson |

## RESPONSE TO NOTICE OF MOTION

### TO PLANTIEF AND HIS ATTORNEY

As one court in this circuit recently noted, "Federal Rules of Civil Procedure 26(d), 30(a),33(b), 34(b) and 36 give this Court the power to adjust the timing requirements imposed under Rule 26(d) and if warranted, to expedite the time for responding to the discovery sought."

Under Rule 26 of the Federal Rules of Civil Procedures, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). I have not

PAGE 5/6 * RCVD AT 11/16/2007 6:16:22 PM [Central Standard Time] * SVR:CHIXKRFO1/20 * DNIS:4781 * CSID: * DURATION (mm-ss):00-56

had ample time to respond to the Plaintiffs request for a conference. It is my understanding that under the circumstances of this case, where plaintiff requests expedited discovery in preparation and in light of the broad description outlined in the their Motion for Expedited Discovery with AOL, AT&T, and Google it would further a chance to violate my Privacy on many personal matters not remotely associated with this Motion of Discovery and therefore Prejudice me. Furthermore, since the Plaintiff, Xtend is a technology consulting company and a direct competitor of mine, the discovery may be intended to explore competitive details of our company rather than the narrowly-tailored discovery of the related emails outlined in the Plaintiffs Motion.

Based on the timing of plaintiff's motion and the absence of narrowly-tailored discovery requests in advance of a conference and the lack of evidence that plaintiff will be irreparably harmed by delaying the discovery requested until after the Rule 26 conference, I believe expedited discovery is not reasonable and plead with the Court to deny the Motion for Expedited Discovery.

## CONCLUSION

For the foregoing reasons, Timothy Hooker respectfully requests that the Court deny the relief Plaintiff seeks.

Dated: November 15, 2007

Timothy Hooker

By

Defendant

2

# EXHIBIT B

**From:** Timothy Hooker [mailto:timothyhooker@att.net]
**Sent:** Friday, November 16, 2007 10:36 AM
**To:** Athanacio, Gayle M.
**Cc:** Zwillinger, Marc J.
**Subject:** --RE: XTEND v Hooker-Re: News Release

Hello Ms. Athanacio,

Have you received the fax document sent 11/09/2007, at 4:56 in response to your letter? My understanding on the summons is I have 20 days to respond which I have via facsimile. Furthermore you when you don't receive an immediate callback you pile-on numerous "Notice of Motions" prior to the expiration of the 20 days which will need to be reviewed prior to commenting. Let's set a time we can discuss your needs.

I agreed not to send out anymore news releases even though they are all "Freedom of Expression" and 100% accurate and verifiable on all three points.

1. Xtend has been struggling financially-per their VP Finance and many other past and current Xtend managers and employees who have admitted this fact. There is at least ten years of detailed RFP's, audio files, and other related documents which clearly outline Xtend's financial condition all

# EXHIBIT C

**From:** Timothy Hooker [mailto:brainlife@gmail.com]
**Sent:** Tuesday, November 20, 2007 1:41 PM
**To:** Zwillinger, Marc J.
**Subject:** ----RE: Discovery-Response from Timothy----

Thanks Marc,

I assumed you'd subpoena AOL following notice I couldn't remember the password info on the other AOL Screen Name. That is why I mentioned the possible AOL notice to me. What you have is all I have. The only other names on the email were returned emails where the recipient didn't exist and those were deleted a day after the original emails went out.

It really wasn't that many as I remember.

Wish I could do more to help.

As for the other items, every paper you filed accuses me of making fraudulent statements, defamation, as well as Intentional Interference with Economic Advantage and my contention is; these are legally meritless. Once we get to those we can explore Anti-SLAPP issues protecting the rights of Californians to participate in civic affairs and to speak freely about public issues.

But for now, I agree we should table these. Let me know what I can do to help you and your client.

Thanks much Marc,

*Timothy Hooker*

Timothy Hooker

---

**From:** Zwillinger, Marc J. [mailto:mzwillinger@sonnenschein.com]
**Sent:** Monday, November 19, 2007 3:59 PM
**To:** brainlife@gmail.com
**Cc:** Athanacio, Gayle M.
**Subject:** Discovery

Mr. Hooker:

I received your email, and I will generally be taking the lead role in this matter, especially where local court appearances are not required. Here is my response to your email:

**Third-Party Discovery**

Last week we discussed our motion for third-party expedited discovery, and whether the need for such discovery would be obviated by your voluntary production of documents.

While we received the fax you sent, it does not appear to address the concerns we raised. The screenshots for the single AOL account do not demonstrate the full recipient list for emails from that account, nor from the other account(s) you used. You had told us that you sent messages to approximately 50-60 recipients. That's not at all clear from what you provided us. Furthermore, the address line on the first email listed on the screen shot is cut off. Perhaps if you opened each of these individual emails and printed them, the full list of addresses on those emails could be determined.

Your email also suggests that you expect to receive a notice from AOL regarding the subpoena and should have ample time to mount a challenge. But, the court has not granted our motion for expedited discovery, and thus, we have not yet served discovery on AOL. In fact, since you have opposed our motion for expedited discovery, the next step is for us to reply to your response and await the court's ruling. Because you voluntarily provided us with some screen shots, I am bit unclear as to what you oppose regarding the AOL discovery. Obviously, you have acknowledged sending the emails, thus obviating some of the requested discovery. If it were clearer that all we were seeking from AOL was copies of the headers (including the to, cc, and bcc lines) of the emails you sent regarding XTEND, would that alleviate your privacy concerns?

**Party Discovery**

Your email goes on to make certain requests regarding discovery from XTEND. Although I thought our motion was clear on this point, we only sought to expedite third-party discovery, that is discovery on entities or people not party to this litigation. Discovery between you and XTEND will not be open until after you respond the complaint and the court's scheduling conference is held. Of course, you could move to expedite such discovery yourself, but that seems quite inconsistent with your opposition to our motion to expedite third-party discovery. Furthermore, some of your requests would likely be met with our objections on their merits, as it is quite unclear why the source code of XTEND would be relevant to any of the issues in dispute. Rather than debate these issues at this time by email, it would likely be more productive to table these discussions until the appropriate time.

The only open issue at this point is whether you are continuing to object to the timing of the issuance of the third-party subpoenas. You have sent mixed messages on this point. You have objected to the issuance of the third-party subpoenas but you have then voluntarily produced a portion of the information we were seeking. If you agree that we can issue the subpoenas at this time, we will do so. If not, we will file our reply and wait the court's ruling. Please clarify your position on this matter.

Marc J. Zwillinger, CISSP
Sonnenschein Nath & Rosenthal LLP
1301 K Street, NW
Washington, D.C. 20005
(202) 408-9171 (p)
(202) 408-6399 (f)

12/6/2007

mzwillinger@sonnenschein.com
Visit my website at -http://www.sonnenschein.com/attorneys/index.aspx?aid=0003731

----------------------------------------------------------------------

CONFIDENTIALITY NOTE:
This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not
the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any
attachment is prohibited. If you have received this e-mail in error, please notify us immediately by
returning it to the sender and delete this copy from your system. Thank you for your cooperation.

IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any
subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the
Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other
than the addressee, each additional and subsequent reader hereof is notified that such advice should be
considered to have been written to support the promotion or marketing of the transaction or matter
addressed herein. In that event, each such reader should seek advice from an independent tax advisor
with respect to the transaction or matter addressed herein based on the reader's particular
circumstances.
----------------------------------------------------------------------

# EXHIBIT D

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

Eastern  **DISTRICT OF**  Virginia

XTEND Communications Corp.

V.

Timothy Hooker

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  C 07 5599 (JL), N.D. Cal.

TO:  AOL LLC
Legal Department Custodian of Records - Civil Subpoenas
22000 AOL Way
Dulles, VA 20166

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 11/13/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Gayle Athanacio, Sonnenschein Nath & Rosenthal, 525 Market St., 26th Flr, San Francisco, CA 94105  (415) 882-5000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                              SIGNATURE OF SERVER

                                                     _____
                                                     ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

1.      "AOL" means AOL, LLC, and all predecessors (merged, acquired or otherwise), successors, subsidiaries, parents, sisters, partnerships and affiliates thereof, and all directors, officers, agents, employees, attorneys and other persons acting on their behalf.

2.      "DOCUMENT(S)" shall mean, without limitation, ALL written, typed, OR otherwise preserved COMMUNICATIONS including, without limitation, ANY letter, correspondence, computer print-out, e-mail print-out, note, book, pamphlet, article, bulletin, directive, review, publication, memorandum, diary, log, test, analysis, study, chart, table, projection, check, invoice, receipt, bill, purchase order, shipping order, contract, lease, agreement, work paper, calendar, envelope, paper, telephone message, tape, computer tape, computer disc, computer card, recording, videotape, film, microfilm, microfiche, drawing, account, ledger, statement, financial data, AND ALL other writings OR COMMUNICATIONS no matter how produced OR maintained in YOUR actual OR constructive possession, custody, OR control OR of which YOU have knowledge of the existence, whether prepared, published, OR released by YOU OR by ANY other PERSON OR entity.  Without limitation on the foregoing, the term DOCUMENT shall include ANY copy OR draft that differs in ANY respect from the original OR other versions of the DOCUMENT, including, without limitation, copies containing notations, insertions, corrections, marginal notes, emendations, OR ANY other variations.

3.      "RELATING TO" shall have AND include not only its commonly understood meaning, but the following meanings as well, where applicable: concerning, comprising, reflecting, evidencing, constituting, pertaining to, dealing with, AND showing.

4.      "ALL" includes the word "ANY," and vice versa.

5.      "AND" includes the word "OR," and vice versa.

6.      "PERSON(S)" includes, without limitation, ANY natural person, corporation, partnership, limited partnership, association, group, organization, federal, state, OR local government OR government agency, office, bureau, department, OR entity, AND includes the present AND former directors, officers, executives, partners, brokers, AND ALL other PERSONS acting OR purporting to act on behalf of them, AND ANY of their present OR former parent corporations, subsidiaries, affiliates, divisions, predecessors, AND successors in interest.

7.      "COMMUNICATION(S)" shall mean ANY oral, written, OR electronic transmission of information (in the form of facts, ideas, inquiries or otherwise) by means including, without limitation, meetings, discussions, face-to-face conversations, telephone calls, electronic mail, Internet, facsimile, voicemail, audio cassettes, video cassettes, computer discs, memoranda, letters, telecopies, telexes, conferences, seminars, messages, OR notes.

8.      DESIRE TO MITIGATE BURDEN.  Plaintiff is prepared immediately to discuss reasonable means of limiting the scope of any required search for responsive documents and any other reasonable modifications of this request in a desire to minimize the cost, expense, and time required to comply with this request.

9.      METHOD OF PRODUCTION.  For each document, file, or larger grouping of files, please identify the person or department in whose possession the particular documents or files were kept in the ordinary course of business at the time that the documents were either prepared, generated, received, reviewed or utilized in the ordinary course of business.

10.     PRIVILEGE.  For any responsive document or portion of a responsive document that is withheld on a claim of privilege, work-product protection, or other discovery immunity, such document should be identified on a privilege log which states, as to each such document: the name, affiliation, and job title of its author(s); the name, affiliation, and job title of its

- 2 -

recipient(s); the name, affiliation, and job title of any copyholder(s); the date of the document; the basis for the claim of privilege, protection or immunity; the general subject matter of the document; and the request to which the document is responsive.

11.     RESPONSIVE DOCUMENTS.  If any portion of a document is responsive to any request, then the entire document must be produced.  If the document contains privileged material or attorney-work product that you claim is protected from disclosure, the entire document must be produced with only the privileged, protected or immune portions redacted.

12.     DESTRUCTION.  If any document or other thing that you have any knowledge of is responsive to a request but has been destroyed, please identify and describe with particularity the document or thing destroyed, where it was destroyed, by whom it was destroyed, what the contents were prior to its destruction, and why it was destroyed.

13.     DUTY TO SUPPLEMENT.  These requests shall be deemed to be continuing in nature and you shall duly supplement your responses as additional responsive documents become available.

## DOCUMENTS REQUESTED

1.     ANY customer or subscriber account information regarding the account(s) associated with the e-mail addresses "rlreale@aol.com" and "rleadsclub@aol.com," including any and all AOL and/or AIM records regarding the identification of "rlreale@aol.com" or "rleadsclub@aol.com," to include real name, screen names, buddy lists, status of account, detailed billing logs, date account opened and closed, originating IP address, method of payment and detailed billing records (log on and log off times), as well as all customer or subscriber account information for any other e-mail or other AOL accounts used by or registered to the user or users associated with these e-mail addresses (including without limitation all screen names and Buddy Lists associated with any such accounts).

2.     ANY records or other information, including connection logs or IP address logs, other audit information, saved e-mail addresses, and e-mail addressing information for all accounts and e-mail addresses identified in Paragraph 1 (above).

Logs, audit information, and e-mail addressing information should contain the following, if available:

  a)     Connection time, date and length of any connection or access to the account or e-mail address;

  b)     Method of connection to system, account, or e-mail address and any information concerning the origin of the connection to the system (e.g., originating IP address, phone number, and/or POP [Point of Presence]);

- 4 -

    c)      Source or destination of any electronic mail messages sent from or received by the account or e-mail address, and the date, time, and length of the message; and

    d)      Any address to which electronic mail was or is to be forwarded from the account(s) or e-mail address(es).

3.     ANY DOCUMENTS containing e-mail header content associated with or relating to any electronic mail messages sent by the accounts and e-mail addresses described in Paragraph 1 (above) between October 21, 2007 and October 31, 2007.